# Supreme Court of Florida

_____

No. SC19-635
_____

**MERYL S. MCDONALD,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

June 4, 2020

PER CURIAM.

Meryl S. McDonald, a prisoner under sentence of death, appeals the circuit court's summary denial of his fourth postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.851.  We have jurisdiction, *see* art. V, § 3(b)(1), Fla. Const., and affirm for the reasons below.

In his motion, McDonald raised newly discovered evidence and *Giglio*[1] claims based on a 2014 letter issued by the United States Department of Justice that criticized portions of the testimony provided by a Federal Bureau of Investigation (FBI) forensic hair analyst during McDonald's joint trial with

_____

1. *Giglio v. United States*, 405 U.S. 150 (1972).

codefendant Robert Gordon in 1995.[2]  We affirm the summary denial of

McDonald's *Giglio* claim for the same reason we affirmed the summary denial of a

virtually identical claim by Gordon.  *See Gordon v. State*, No. SC15-2091, 2016

WL 6462391, at *1 (Fla. Nov. 1, 2016) (holding Gordon's reliance on the 2014

letter to establish a *Giglio* violation was "misplaced" because the prosecutor could

not correct testimony alleged to be false based on information in a letter that was

written and issued to the State approximately twenty years after the trial) (citing

*Wyatt v. State*, 71 So. 3d 86, 102 (Fla. 2011)).

We likewise affirm the summary denial of McDonald's newly discovered

evidence claim, agreeing with the circuit court that it is conclusively established on

this record that the 2014 letter is not "of such nature that it would probably produce

an acquittal on retrial." *Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998).[3]

---

2.  Because the circuit court denied McDonald's motion without holding an evidentiary hearing, this Court "will uphold the . . . summary denial 'if the motion is legally insufficient or its allegations are conclusively refuted by the record.' " *Mungin v. State*, 79 So. 3d 726, 733 (Fla. 2011) (quoting *Darling v. State*, 45 So. 3d 444, 447 (Fla. 2010)); *see also* Fla. R. Crim. P. 3.851(f)(5)(B) (providing that a successive postconviction motion may be denied without an evidentiary hearing if "the motion, files, and records in the case conclusively show that the movant is entitled to no relief").

3.  In *Gordon*, we treated the 2014 letter as newly discovered.  *See Gordon*, No. SC15-2091, 2016 WL 6462391, at *1.  We question that conclusion because it is clear from the trial transcript that overstatements in FBI analyst's testimony were clarified at trial, on both direct and cross-examination.  Therefore, the substantive concerns about FBI analyst's testimony raised in the 2014 letter are not new.  Nevertheless, we need not reconsider *Gordon* to affirm the circuit court's

The criticized portions of the FBI analyst's testimony overstated the certainty of the hair comparison analysis that the State used, in part, to link McDonald to a sweatshirt that contained the victim's blood, fibers from the victim's carpet, and fibers from a cashmere belt used to bind the victim's body. However, McDonald's jury also heard appropriate limiting testimony from the same witness. This included testimony that "hair evidence isn't the same as fingerprint evidence" because "[i]t is not a positive means of personal identification," as well as additional testimony—elicited by McDonald's trial counsel on cross-examination—as to the limits of the expert's opinion, specifically that he could not say that the hair at issue "came from a particular person to the exclusion of everyone else in the world." In a retrial, because the science behind hair comparison analysis has not been discredited, the jury would still hear testimony about characteristics of the hair found on the sweatshirt in comparison to characteristics of McDonald's hair, including that, like McDonald's hair, the hair recovered from the sweatshirt was color treated. The jury would also hear that the hair on the sweatshirt was not consistent with Gordon's hair but was consistent with McDonald's. From this testimony, the jury would still be able to infer a link between McDonald's hair and the hair found on the sweatshirt.

---

summary denial because McDonald has failed to establish that the 2014 letter, even if newly discovered, is of such a nature that it would probably produce an acquittal on retrial.

But the hair evidence is not the only evidence linking McDonald to the sweatshirt—which was found in a hotel room that McDonald shared with Gordon alongside tennis shoes in McDonald's shoe size that had the same sole pattern as shoeprints found in the victim's apartment. *See Gordon v. State*, 704 So. 2d 107, 109 (Fla. 1997). Nor is McDonald's link to the sweatshirt, whether by the hair evidence or otherwise, the only evidence of his guilt. *See id.* at 108-10. When the 2014 letter is considered together with the evidence that would be admissible on retrial—including McDonald's procedurally barred, meritless prior postconviction challenges to the bloodstain and DNA analysis performed in his case, *see McDonald v. State*, 117 So. 3d 412, 2013 WL 2420798, at *1 (Fla. May 28, 2013) (table)—the letter is not of such a nature that would probably produce an acquittal. *Cf. Duckett v. State*, 148 So. 3d 1163, 1168 (Fla. 2014) (affirming summary denial of newly discovered evidence claim where expert hair comparison testimony that overstated or exaggerated the accuracy of hair analysis but that, when considered in its full context, was not false did not give rise to a reasonable doubt as to the defendant's culpability).

Accordingly, we affirm the summary denial of McDonald's motion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.
COURIEL, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Pinellas County, Chris Thom Helinger, Judge - Case No. 521994CF002958000EPC

Jonathan Hackworth of Hackworth Law, P.A., Tampa, Florida,

     for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Timothy A. Freeland, Senior Assistant Attorney General, Tampa, Florida,

     for Appellee